74 F.3d 1241
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hugh CHAFFIN, Defendant-Appellant.
 Nos. 94-6454, 94-6455.
 United States Court of Appeals, Sixth Circuit.
 Jan. 3, 1996.
 
 Before: NORRIS and SUHRHEINRICH, Circuit Judges, and JOHN R. GIBSON, Circuit Judge.*
 PER CURIAM.
 
 
 1
 Hugh Chaffin appeals the sentence imposed upon him following his plea of guilty to charges of mail fraud in violation of 18 U.S.C. Sec. 1341 (1994). He argues that the district court erred in determining the amount of monetary loss he caused and in denying him a reduction in his sentence for acceptance of responsibility under section 3E1.1 of the Sentencing Guidelines. We affirm the sentence imposed by the district court.
 
 
 2
 Chaffin was terminal manager for TNT Holland Motor Express Trucking Company in Nashville, Tennessee. Chaffin pleaded guilty to two counts of mail fraud based on his inducing TNT Holland and General Electric to pay bogus bills. In sentencing Chaffin, the district court determined that TNT Holland and General Electric lost $5,200 and $468,000 respectively due to Chaffin's fraud. The district court also denied Chaffin a reduction in his sentence for accepting responsibility for his criminal acts.
 
 I.
 
 3
 Chaffin argues that the district court erred in determining the amount of loss he caused General Electric. He contends that General Electric's loss was much less than that found by the district court, and that his sentence should be reduced accordingly.
 
 
 4
 The district court's determination of the amount of loss is a factual finding which we cannot disturb unless it is clearly erroneous. 18 U.S.C. Sec. 3742(e) (1994); see United States v. Jackson, 25 F.3d 327, 330 (6th Cir.), cert. denied, 115 S.Ct. 344 (1994). A factual finding is clearly erroneous when we are left with the definite and firm conviction, after reviewing all of the evidence, that the district court made a mistake. United States v. Perez, 871 F.2d 45, 48 (6th Cir.), cert. denied, 492 U.S. 910 (1989). Additionally, we must give due regard to the opportunity of the district court to judge the credibility of the witnesses. 18 U.S.C. Sec. 3742(e); Perez, 871 F.2d at 47.
 
 
 5
 Harold Tynes, who had served in several auditing and financial positions for General Electric, led an auditing team of six that investigated General Electric's loss resulting from Chaffin's fraud and testified at the sentencing hearing. Tynes collected the bogus bills Chaffin sent to General Electric and interviewed a number of General Electric employees and Chaffin. Tynes calculated that General Electric paid Chaffin $497,000 for services he never provided, and $146,000 more than it should have for services that Chaffin did provide.
 
 
 6
 Chaffin now argues that Tynes' testimony was incredible and that the district court's determination of the amount of loss is clearly erroneous because the court relied on Tynes' incredible testimony. At his sentencing hearing, Chaffin's attorney cross-examined Tynes and was able to show that Tynes missed $29,000 worth of services that Chaffin provided to General Electric through Prim Delivery Service. Chaffin's attorney further argued that Tynes missed other services that Chaffin provided to General Electric through Chapman Cartage Company, thereby inflating its loss.
 
 
 7
 The government agreed that Tynes had missed $29,000 in services. It did not agree that Chaffin properly billed for services provided by Chapman Cartage. Tynes testified that Chapman Cartage billed General Electric directly for its services.
 
 
 8
 The record shows that the district court relied on Tynes' testimony in determining the amount of loss caused by Chaffin. While Tynes made one mistake in his testimony, the district court corrected Tynes' calculation of General Electric's loss in light of that mistake. The district court rejected Chaffin's claim that he billed for services Chapman Cartage provided to General Electric. The district court was not clearly erroneous in rejecting Chaffin's claim because there was evidence that Chapman Cartage billed General Electric directly and not through Chaffin. Thus, after reviewing all of the evidence, we conclude that the district court's determination of the amount of loss is not clearly erroneous.
 
 II.
 
 9
 Chaffin also argues that the district court erred in finding that he did not accept responsibility for his crimes and in denying him a reduction in his sentence for acceptance of responsibility.
 
 
 10
 Section 3E1.1 of the Sentencing Guidelines requires a defendant to "clearly demonstrate" his acceptance of responsibility to qualify for a reduction in his sentence. United States Sentencing Commission, Guidelines Manual, Sec. 3E1.1(a) (Nov. 1993). The district court's determination of Chaffin's acceptance of responsibility is a factual finding which we cannot disturb unless it is clearly erroneous. United States v. Carroll, 893 F.2d 1502, 1511-12 (6th Cir.1990).
 
 
 11
 Chaffin argues that his actions clearly showed that he accepted responsibility for his crimes and that the district court's finding to the contrary is clearly erroneous. Chaffin states that he admitted his fraud to the FBI and further cooperated by voluntarily providing documents and tapes relating to his crimes. He pleaded guilty to mail fraud. Chaffin paid General Electric approximately $50,000 in restitution, after which General Electric gave him a full release from any liability to it for his fraud.
 
 
 12
 Chaffin testified during his sentencing hearing that he thought he had accepted responsibility for his crimes. Chaffin stated that Wayne Haywood, an employee of General Electric, had assured him that a company was providing services for which he was billing. Chaffin explained that it was only after Haywood admitted that there was no company providing services that he knew his bills to General Electric were bogus. The government argues that these statements contradict Chaffin's guilty plea in which he pleaded guilty to a charge that he and Haywood together defrauded General Electric.
 
 
 13
 The district court found at the conclusion of the sentencing hearing that Chaffin had provided some significant information, but that he continued to be evasive. We must give great deference to the district court's determination of this issue. USSG Sec. 3E1.1, comment. (n. 5). In light of Chaffin's statements at his sentencing hearing, the district court's denial of a reduction in sentence for acceptance of responsibility is not clearly erroneous.
 
 
 14
 Accordingly, we affirm the sentence imposed by the district court.
 
 
 
 *
 The Honorable John R. Gibson, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation